579 F.2d 514
 PORTLAND GENERAL ELECTRIC COMPANY, an Oregon Corporation,
and Ralph Rokeby-Johnson, Underwriter at Lloyds,
London, Appellants,
v.
PACIFIC INDEMNITY COMPANY, a corporation, Appellee.
 No. 75-1353.
 United States Court of Appeals,
Ninth Circuit.
 July 31, 1978.
 
 William H. Morrison (argued), of Morrison, Dunn, Cohen, Miller & Carney, Portland, Or., for appellants.
 John Gordon Gearin (argued), Portland, Or., for appellee.
 Appeal from the United States District Court for the District of Oregon.
 Before GOODWIN and SNEED, Circuit Judges, and POOLE*, District Judge.
 PER CURIAM:
 
 
 1
 In Portland General Electric Co. v. Pacific Indemnity Co., 574 F.2d 469 (9th Cir. 1978), we held Pacific Indemnity liable to repay Portland General Electric Co. (PGE) and Ralph Rokeby-Johnson, its excess insurer, the amounts they spent in settling a tort claim. PGE and Rokeby-Johnson now seek to recover their attorney fees on this appeal, citing ORS 743.114. The Oregon courts have not specifically held that ORS 743.114 covers this situation, but we believe Oregon precedent points more surely in favor of the plaintiffs than against them.
 
 
 2
 ORS 743.114[1] provides for attorney fees in an action on an insurance policy if settlement is not made within six months of the proof of loss and if the insured's recovery exceeds any tender. The Oregon Supreme Court has noted that this provision might be read narrowly to apply only to a first-party insured's recovery for its own loss. However, it has held that the statute applies to a bad-faith failure to settle, and that the insured's assignee may recover attorney fees if it brings the action. Groce v. Fidelity General Insurance Co., 252 Or. 296, 311-12, 448 P.2d 554 (1968). The court noted (in Groce ) that the duty of good faith is contractual in nature and that the award of attorney fees is necessary to make the insured or his or her assignees whole. 252 Or. at 312, 448 P.2d 554.
 
 
 3
 In our previous opinion we held that Rokeby-Johnson had a right, arising out of the contract between PGE and Pacific Indemnity, to have Pacific Indemnity act in good faith. (574 F.2d at 473.) We did not then make clear whether this right arose because Rokeby-Johnson was subrogated to PGE's contract right or because he was a third-party beneficiary of the contract between PGE and Pacific Indemnity. It was clear, however, that Pacific was obligated to act in good faith "regardless of the reality that another entity bore the onus of excess liability". (574 F.2d at 473.) We now think that the subrogation theory adequately supports our holding. The able memoranda we received on the third-party beneficiary issue convince us that it is a close question under Oregon law, and we prefer not to speculate along lines that the Oregon courts may subsequently reject. Moreover, the subrogation theory fits the analysis in Groce v. Fidelity General Insurance Co., supra, more directly than does the third-party-beneficiary approach.
 
 
 4
 In Valentine v. Aetna Insurance Co., 564 F.2d 292, 296-98 (9th Cir. 1977), this court held that under California law an excess insurer is subrogated to the insured's right to have the primary insurer act in good faith. We relied on the Minnesota Supreme Court's decision in Continental Casualty Co. v. Reserve Insurance Co., 307 Minn. 5, 238 N.W.2d 862 (1976), emphasizing its common-sense holding that "(i)f the insured purchases excess coverage, he in effect substitutes an excess insurer for himself. It follows that the excess insurer should assume the rights as well as the obligations of the insured in that position." 238 N.W.2d at 864.
 
 
 5
 In Groce v. Fidelity General Insurance Co., supra, the injured party took an assignment from the tortfeasor of its bad-faith claim against the insurance company. The Oregon Supreme Court approved the assignment and awarded attorney fees under ORS 743.114. We think that the Oregon court would follow the Minnesota court and our interpretation of California law and hold that Rokeby-Johnson was subrogated to all of PGE's rights if PGE had not had an excess carrier. One of those rights would be the recovery of attorney fees under ORS 743.114.[2] This follows from the fact that, in making him its excess carrier, PGE substituted Rokeby-Johnson for itself;[3] this may be expressed as an equitable assignment similar to the express assignment in Groce.
 
 
 6
 We therefore remand the case to the district court to determine the fees due plaintiffs' attorneys for their services in the district court and in this court.
 
 
 
 *
 The Honorable Cecil F. Poole, United States District Judge for the Northern District of California, sitting by designation
 
 
 [1]
 ORS 743.114 provides:
 "If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."
 
 
 [2]
 Our holding applies, of course, only if the primary insurer fails to act in good faith. An excess carrier would have no right to attorney fees simply because the threat of excess liability led it to employ counsel or because a good faith dispute with the primary insurer led to litigation. The excess carrier has a right to attorney fees only when the insured would have such a right if it had no excess coverage
 
 
 [3]
 Since PGE and Rokeby-Johnson are represented by the same law firm on this appeal, we need not decide whether PGE's excess coverage deprives it of sufficient interest in the litigation to justify a grant of attorney fees. If it does, of course, that would be a further argument supporting a grant of attorney fees to Rokeby-Johnson, as the statute clearly contemplates that someone will receive fees in this situation